IN THE UNITED STATED DISTRICT COURT FOR
THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| **MINETEK, INC.**<br><br>Plaintiff,<br><br>v.<br><br>**EVAPORATION KING, LLC,**<br><br>Defendant. | Civil Action No.:<br><br>**DEMAND FOR A JURY TRIAL** |

**COMPLAINT FOR FALSE ADVERTISING UNDER
THE LANHAM ACT AND FALSE ADVERTISING IN VIOLATION OF
THE FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT**

Plaintiff Minetek, Inc. ("Plaintiff" and/or "Minetek"), for its complaint against Defendant Evaporation King, LLC ("Defendant" and/or "Evaporation King"), alleges as follows:

**INTRODUCTION**

1. This is a civil action for false advertising under the Lanham Act, 15 U.S.C. §1125(a) and deceptive and unfair trade practices in violation of the Florida Deceptive and Unfair Trade Practices Act.

1

2. Plaintiff Minetek seeks permanent injunctive relief as well as a judicial determination that Defendant's false advertising and deceptive practices constitute deliberate, willful and/or bad faith conduct such that this should be declared an exceptional case under 15 U.S.C. § 1117(a).

3. Minetek is a well-known innovative, solution-driven, company specializing in engineering, designing, manufacturing and the implementation of conventional and advanced equipment used in mining, as well as industrial sectors.

4. Since 1984, Minetek and its related companies have supplied the mining industry with the highest-quality products as well as unparallel customer service. Minetek utilizes highly trained, experienced, and competent teams to provide complete end-to-end solutions. Minetek is internationally recognized for successfully coordinating and commissioning large-scale projects for both mining and industrial operations.

5. Minetek's cutting-edge solutions -- such as water management, underground ventilation, noise reduction and electrical solutions -- enable clients to achieve high levels of operational efficiency.

6. As pertaining to water management, Minetek offers the world's largest and most cost-effective range of mechanical evaporation and water quality management technologies. These technologies are designed to reduce risk and

ensure compliance. Images of Minetek's land-based water evaporator are shown below:



7. Minetek's water evaporators can withstand the toughest of conditions while supplying huge volumes of water to nozzles for atomization and evaporation. An image of Minetek's land-based evaporators in operation is shown below:



8. In a deliberate effort to compete unfairly with Minetek's evaporation technology so as to take business away from Minetek, Defendant Evaporation King has been and is now promoting on its Internet web site at http://evaporationking.com a marketing brochure entitled Comparative Analysis of Rotary Atomization vs. Cannon Style Pressured Spray Nozzles (hereinafter "Accused Advertising") that contains numerous false and material misrepresentations about the design and performance of Minetek's water evaporation systems. A copy of the Accused Advertising is attached as Exhibit 1.

9. Prior to the filing of this complaint, Minetek requested that Evaporation King remove the false statements.[1] Evaporation King refused.

10. By making false and misleading statements of fact throughout the Accused Advertising, Evaporation King has, and is, violating both the Lanham Act and the Florida Deceptive and Unfair Trade Practices Act.

11. Defendant Evaporation King's false advertising and deceptive trade practices have and are causing harm and damage to Minetek. Minetek seeks

---

[1] Minetek also asked Evaporation King to remove all the copyright protected images of Minetek's land-based water evaporator shown throughout the Accused Advertising. In response, Minetek replaced the copyright protected images with replacement images of Minetek's land-based water evaporators. The replacement images are found in Exhibit 1. The source and copyright status of the replacement images is unknown. What is clear is that the false statements in the brochure are directed to Minetek's water evaporator systems as shown by the inclusion of the replacement images of Minetek's evaporator throughout the brochure.

injunctive relief to contain the harm as well as monetary relief to compensate Minetek for the damage suffered.

## THE PARTIES

12. Minetek is a corporation located at Level 1/1 Civic Avenue, Singleton, NSW 2330, Australia that is organized and existing under the laws of Australia.

13. Among its many offerings, Minetek is in the business of selling water evaporation equipment.

14. On information and belief, Evaporation King is a seller of evaporation equipment organized as a corporation existing under the laws of the State of Florida and having a principal place of business at 7901 4th Street. N. Ste 300, St. Petersburg, Florida 33702.

## JURISDICTION AND VENUE

15. Minetek realleges and incorporates by reference, as if fully set forth herein, the allegations in paragraphs 1 – 14 above.

16. This Court has subject matter jurisdiction over Minetek's claims for false advertising under the Lanham Act and violation of Florida's Deceptive and Unfair Competition Trade Practices Act pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367, respectively.

17. This Court has supplemental jurisdiction over Minetek's claim arising under the laws of Florida pursuant to 28 U.S.C. § 1367(a) because this claim is so related to Minetek's claims under federal law that they form part of the same case or controversy and derive from a common nucleus or operative fact.

18. This Court has personal jurisdiction over Evaporation King. On information and belief, Evaporation King has conducted, and does regularly conduct, business within the State of Florida, including the Middle District of Florida (this "District"). In addition, Evaporation King has sought protection and benefit from the laws of the State of Florida by registering with the secretary of state and placing the Accused Advertising into the stream of commerce through an established distribution channel with the awareness and/or intent that its products that area the subject of the Accused Advertising will be purchased by consumers in this District.

19. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) and (c). Venue is also proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2). In addition, on information and belief, Evaporation King has solicited and made sales under the Accused Advertising that are the subject of Minetek's false advertising and deceptive practices claims in this judicial district. The Accused Advertising is also portrayed in multiple places on the Internet and, on information and belief, published in print sources with nationwide distribution, all of which are accessible and used by residents of this judicial district.

## FACTUAL BACKGROUND

20. Minetek's water evaporation technology includes the world's largest and most efficient range of bespoke mechanical water evaporation solutions designed to evaporate wastewater rapidly.

21. To compete unfairly with Minetek's water evaporation technology for the purpose of taking business from Minetek, Evaporation King is making material claims that are factually inaccurate and replete with misleading descriptions of Minetek's product and its operations.

22. For example, Minetek's evaporator is incorrectly referred to as "a cannon style pressurized spray nozzle" system throughout the Accused Advertising. *See generally* Exhibit 1 at pp. 1, 2, 4, 6, 9, 13. Minetek's evaporator is not a cannon style pressurized system but a patented mechanically fan forced evaporator. The reference is literally false. Moreover, the false and deceptive characterization is made repeatedly throughout the Accused Advertising to materially misrepresent the performance and design of Minetek's evaporator system. Unlike the system described in the Accused Advertising, the Minetek mechanically forced evaporator reduces wastewater volumes without relying on costly disposal or treatment methods.

23. The Accused Advertising also falsely states that Minetek's water evaporation system employs high-velocity air streams to atomize liquids into droplets. *See* Exhibit 1 at p. 4 ("A system that employs high-velocity air streams to atomize liquids into droplets"); *See also* Exhibit 1 at p. 6 ("This system utilizes a high-velocity air stream to atomize liquid. The liquid is injected into the air stream, where it is broken into droplets by the shear forces of the air."). These statements are material, and they are factually wrong. The Minetek evaporator pumps a high volume of water through nozzles at high pressure to generate droplets. The droplets are then forced into the atmosphere to evaporate. Atomization occurs at the point of the water traveling through patented nozzles and converting into droplets. The statements in the Accused Advertising are therefore literally false; the water is not converted into droplets by the "sheer force" of air, but rather it is the combination of both the patented nozzle technology and the high velocity air stream working in combination. The air stream then propels these droplets into the atmosphere to enable evaporation to occur. The high velocity air stream by itself does not atomize liquid.

24. In addition, the Accused Advertising states that Minetek's water evaporation system is "suitable for applications such as dust suppression, cooling and humidification in large areas." *See* Exhibit 1 at p. 6 ("Suitable for applications such a dust suppression, cooling, and humidification in large areas"). This statement

is deceptive. Minetek never intended nor advertised its water evaporation applications for cooling or humidification. More importantly, the statement omits the main application of Minetek's water evaporation system, namely evaporation. As a result, the statement deceptively hides the numerous true applications available for use of the Minetek evaporator.

25. In addition, the Accused Advertising falsely states that Minetek's water evaporation system provides flexibility in adjusting droplet size by varying air pressure and liquid flow rate. *See* Exhibit 1 at p. 6 ("Flexibility in adjusting droplet size by varying air pressure and liquid flow rates."). This representation, too, is materially false. The Minetek water evaporation system does not operate as described. As such, it is not complex to configure and operate as described in the Accused Advertising.

26. Also, the Accused Advertising falsely states that the evaporation efficiency of Minetek's water evaporation system nozzle is 12-15%. *See* Exhibit 1 at p. 1 ("Droplet Size: 500-600 Micron evaporation efficiency: 12-15%). This reported evaporation efficiency rate is both material and grossly understated. Minetek's land-based evaporators achieve a typical efficiency of around 50% of the sprayed volume under global average conditions. Accordingly, this false representation unfairly under reports the performance of Minetek's evaporator.

27. In addition, in an effort to falsely legitimize its false claims, the Accused Advertising falsely states that the only in-depth evaporation study found using fan-style cannons was performed near Savannah, Georgia. (*See* Exhibit 1 at p. 9) ("The only in-depth evaporation study found using fan-style cannons was performed near Savanna, GA.") This representation is also false. Minetek has conducted numerous in-depth case studies demonstrating that Minetek's land-based evaporators achieve a typical efficiency of around 50% of the sprayed volume under global average conditions

28. The Accused Advertising falsely states that the Minetek evaporators on average cost 6 times more gallon for gallon cost. *See* Exhibit 1 at p. 11 ("On average, 6X more gallon for gallon cost"). This claim is also materially false. It also is unsubstantiated and made for the purpose of misleading customers into believing operation of Minetek evaporator is more expensive than it is.

29. By making these false and misleading statements of fact in the Accused Advertising, Evaporation King has violated the Lanham Act and Florida's Deceptive and Unfair Practices Act.

30. Evaporation King's false advertising and deceptive practices has caused and continues to cause harm to Minetek. Minetek seeks injunctive relief to contain the harm as well as monetary relief to compensate Minetek for the damage it has suffered.

## FIRST CLAIM OF RELIEF

### (False Advertising Under 15 U.S.C. 1125(a))

31. Minetek realleges and incorporates by reference, as if fully set forth herein, the allegations in paragraphs 1-30 above.

32. Evaporation King has made and distributed in interstate commerce and in this judicial district advertisements that contain false and misleading representations and statements of fact. The advertising contains actual misrepresentations, misstatements and/or misleading statements and/or failures to disclose.

33. Evaporation King's false claims deceive, or have a tendency to deceive, a substantial segment of Minetek's customers and potential customers. This deception is material in that it concerns inherent quality, characteristics and performance of Minetek's products that compete directly against Evaporation King's products and is likely to influence the purchasing decisions of customers and potential customers.

34. Evaporation King's false and misleading advertising statements and omissions injure both consumers and Minetek.

35. Evaporation King's false and misleading advertising statements and omissions violate Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). Evaporation King has caused, and will continue to cause, immediate and irreparable

injury to Minetek, including injury to Minetek's business reputation, and goodwill, for which there is no adequate remedy at law. Minetek is therefore entitled to an injunction under 15 U.S.C. § 1116 restraining Evaporation King, its agents, employees, representatives and all persons acting in concert with Evaporation King from engaging in future acts of false advertising and ordering removal of Evaporation King's false and misleading advertisements.

36.   Pursuant to 15 U.S.C. § 1117, Minetek is further entitled to recover from Evaporation King the damages sustained by Minetek because of Evaporation King's acts in violation of 15 U.S.C. § 1125(a). Minetek is at present unable to ascertain the full extent of the monetary damage it has sustained by reason of Evaporation King acts.

37.   Pursuant to 15 U.S.C. § 1117, Minetek is further entitled to recover from Evaporation King the gains and profits and other advantages that Evaporation King has obtained because of it acts in violation of 15 U.S.C. § 1125(a). Minetek is at present unable to ascertain the full extent of the gains, profits and advantages Evaporation King has obtained by reason of its acts.

38.   Pursuant to 15 U.S.C. § 1117, Minetek is further entitled to recover the costs of this action. Moreover, Minetek is informed and believes, and on that basis alleges, that Minetek's conduct was undertaken willfully and with the intention of

causing confusion, mistake or deception, making this an exceptional case entitling Minetek to recover additional damages and reasonable attorney's fees.

### SECOND CLAIM FOR RELIEF
### (Violation of Florida's Deceptive and Unfair Competition Trade Practices Act ("FDUTPA"))

39. Minetek realleges and incorporates by reference, as if fully set forth herein, the allegation in paragraphs 1-38 above.

40. The publication of the false statements by Evaporation King constitutes deceptive acts and/or unfair trade practices.

41. The publication of the false statements has and is causing actual damage.

### PRAYER FOR RELIEF

WHEREFORE, Minetek respectfully requests judgment as follows:

1. For permanent injunctive relief prohibiting Evaporation King, its agents, or anyone working for, in concert with or on behalf of Minetek from engaging in false advertising with respect to Minetek's products or their operations, applications, or performance and/or violating Section 43(a) of the Lanham Act and/or Florida's Deceptive and Unfair Competition Trade Practices

Act ("FDUTPA"), which relief includes but is not limited to removal of all false and misleading advertisements as well as damages;

2. That Evaporation King be adjudged to have violated 15 U.S.C. § 1125(a) by unfairly competing against Minetek by using false, deceptive and/or misleading statements of fact that misrepresent the nature, quality, performance and characteristics of Minetek's products;

3. That Evaporation King be adjudged to have violated FDUTPA by engaging in deceptive acts and/or unfair trade practices;

4. That Minetek be awarded damages that Minetek has sustained because of Evaporation King's conduct;

5. That Minetek be awarded profits obtained by Evaporation King because of Evaporation King's conduct;

6. That Minetek recover its costs and attorneys' fees;

7. That all of Evaporation King's misleading and deceptive materials be removed and destroyed pursuant to 15 U.S.C. § 1118;

8. That Minetek be granted pre-judgment and post-judgment interest, and;

9. That the Court grant Minetek such other and further relief as the Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Plaintiff Minetek, Inc. respectfully requests a trial by jury on all issues so triable.

Respectfully submitted,

*/s/ Jonathan R. Secrest*
Jonathan R. Secrest (Fla. Bar 0023804)
DICKINSON WRIGHT, PLLC
180 East Broad Street, Suite 3400
Columbus, Ohio 43215
(614) 744-2572
(844) 6706009 (Fax)
jsecrest@dickinson-wright.com

H. Jonathan Redway
*(Pro Hac Vice Forthcoming)*
International Square
1825 Eye Street, NW, Suite 900
Washington, D.C. 20006
(202) 659-6946
jredway@dickinson-wright.com

*Counsel for Minetek, Inc.*